IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS MICHAEL SNIPPERT,                    )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )    Civil Action No. 21-306-E
                                            )
KILOLO KIJAKAZI,                            )
*Acting Commissioner of Social Security*,   )
                                            )
                    Defendant.              )

O R D E R

AND NOW, this 30th day of December, 2022, upon consideration of the parties'

cross-motions for summary judgment, the Court, upon review of the Commissioner of Social

Security's final decision denying Plaintiff's claim for disability insurance benefits under

Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's

findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. §

405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't*

*of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d

1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990)

(if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred in his consideration of
the opinion evidence in this matter, particularly by not including all of the limitations to which

1

his treating neurologist opined.  After careful review, the Court disagrees and, instead, finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled pursuant to the Act.

Plaintiff's argument centers around his contention that the opinion of Maria Baldwin, M.D. (R. 1328-31), his treating neurologist, establishes limitations in excess to those incorporated into his residual functional capacity ("RFC") and that these additional limitations would render him disabled.  Specifically, he argues that the ALJ's rejection of Dr. Baldwin's opinion that Plaintiff experiences 1 to 2 severe migraine headaches per week, each of which can last for up to two hours even with the use of medication, is unsupported by the record.  There are several problems, though, with Plaintiff's position.

First, Plaintiff somewhat mischaracterizes the nature of Dr. Baldwin's opinion.  Plaintiff consistently states Dr. Baldwin's opinion as being that Plaintiff's migraines last "up to" two hours on average even when medication is used.  (Doc. No. 9, pp. 3, 5, 10).  He argues from this point that Dr. Baldwin's opinion is that Plaintiff is completely unable to work for up to two hours once or twice per week.  However, what Dr. Baldwin said was that the approximate duration of a typical headache for Plaintiff was typically "less than" two hours on average when rescue medication is used.  (R. 1328).  While this difference in phrasing is subtle, Dr. Baldwin's actual words more strongly imply that 2 hours is more of a maximum duration.  Further, while she indicated that Plaintiff suffered from 1-2 headaches per week, she did not opine that these would necessarily happen during the workweek.  (*Id.*).  In fact, she expressly declined to provide any opinion as to how much Plaintiff would be absent or off task as a result of his headaches.  (*Id.*, p. 1330).  Therefore, Plaintiff's implication that Dr. Baldwin's opinion could be read as requiring off-task time of up to 2 hours twice a week is misleading.

Moreover, it is not entirely clear that Dr. Baldwin's statements as to the frequency and duration of Plaintiff's migraine headaches even qualify as an opinion pursuant to the Social Security Administration's regulations.  Pursuant to those regulations, medical opinion evidence consists of a statement or statements "from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he] ha[s] one or more impairment-related limitations or restrictions in the abilities listed in paragraphs (a)(2)(i)(A) through (D)."  20 C.F.R. § 404.1513(a)(2).  Evidence from a medical source that is neither an opinion nor objective medical evidence (*e.g.*, "medical signs" or "laboratory findings") is categorized as "Other medical evidence."  *Id.* § 404.1513(a)(3).  This category of evidence "includ[es] judgments about the nature and severity of [the claimant's] impairments, [his] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."  *Id.*  Stating that Plaintiff's headaches occur on average once or twice a week and last for less than two hours on average fits into the "Other medical evidence" category, as it constitutes a judgment about the nature and severity of Plaintiff's migraines.  Again, Dr. Baldwin very carefully declined to quantify the effects of these impairments on Plaintiff's ability to work.  While this certainly does not invalidate Dr. Baldwin's statements, it does demonstrate that calling them opinions is not truly accurate.

Further, Plaintiff's misstates the ALJ's duty in regard to the consideration of opinion evidence.  For instance, he states "while an ALJ is free to resolve conflict in evidence, he is not

free to reject all medical opinion evidence – and other unrebutted competent evidence of record – in favor of surmise." (Doc. No. 9, p. 9). This is partially correct; an ALJ cannot, of course, ever rely on mere surmise. However, an ALJ is not required to base his or her findings on any specific medical opinion and, under certain circumstances, can reject all medical opinions in the record. The Court emphasizes that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1520b(c)(3)(v), 404.1546(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). Therefore, the ALJ was not required to adopt Dr. Baldwin's opinion as to Plaintiff's headaches *in toto* merely because it was the only such opinion in the record.

Plaintiff goes further by suggesting that, as a treating physician, Dr. Baldwin's opinion should be entitled to "controlling weight." (Doc. No. 9, p. 12). However, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c).

Given all of this, the ALJ's analysis of Dr. Baldwin's opinion comported with the regulations and was supported by substantial evidence. As noted, Dr. Baldwin did not actually opine that Plaintiff required up to two hours of off-task time one or two days a week, but even if she had, the ALJ clearly explained his basis for finding that this overstated Plaintiff's functional limitations. He discussed the evidence at great length, specifically noting the clinical records, the effectiveness of (and Plaintiff's inconsistent compliance with) medication and the use of a CPAP machine, and Plaintiff's activities of daily living which suggested that Plaintiff was less limited than he alleged to be. (R. 25-28). Plaintiff may argue that the evidence could support a different conclusion, but if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). In making his decision here the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED as set forth herein.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:        Counsel of record

---

ALJ relied on the objective medical evidence, and clearly addressed Plaintiff's testimony and statements and the medical opinion evidence.  All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high," *Biestek*, 139 S. Ct. at 1154.  Accordingly, for the reasons set forth herein, the Court affirms.